UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. DAVIS,<br><br>             Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>             Defendant. | No.  2:25-cv-02050-CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  The parties have consented to magistrate judge jurisdiction.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1968, applied for SSI on July 15, 2022, alleging disability beginning September 16, 2021.  Administrative Transcript ("AT") 17, 267. Plaintiff stated that he was unable to work due to a brain injury, high blood pressure, and depression.  AT 271. At the May 30, 2024, hearing on his application for benefits, plaintiff testified that he had attended college for two years and previously worked installing windows at an auto manufacturing company and as a

1

security guard.  AT 46, 48-50.

On July 15, 2024, an Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled since the application date, July 15, 2022.  AT 17-28. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since July 15, 2022, the application date.
>
> 2.  The claimant has the following severe impairments: history of traumatic brain injury/subdural hematoma with residual neck pain with intermittent radicular pain in the upper extremities and back pain with intermittent radicular pain in the lower extremities; and mild neurocognitive disorder due to traumatic brain injury.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4.  After careful consideration of the entire record, the claimant has had the residual functional capacity to perform light work. The claimant can sit for a maximum of 6 hours in a workday. The claimant can stand and walk for a maximum of 6 hours in a workday. The claimant cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. The claimant can deal with occasional changes in a routine work setting. The claimant can understand and remember detailed, but not complex instructions.
>
> 5.  The claimant is capable of performing past relevant work as a Security Guard. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 6.  The claimant has not been under a disability, as defined in the Social Security Act, since July 15, 2022, the date the application was filed.

AT 19-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in evaluating the opinion of a consultative examiner; and (2) the mental residual functional capacity is not supported by substantial evidence because it does not account for moderate limitations in concentration, persistence, pace, and adaptation.

////

////

2

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.  Medical Opinion

1.  Dr. Stenbeck's Opinion

Plaintiff claims the ALJ erred in discounting the medical opinion of consultative examiner Lauri Stenbeck, Psy.D., who examined plaintiff in October 2023 and submitted an opinion based on her examination and review of a September 2022 mental evaluation indicating mild neurocognitive disorder due to traumatic brain injury. AT 403-408. She diagnosed plaintiff with

3

Major Neurocognitive Disorder due to Traumatic Brain Injury and Generalized Anxiety Disorder. AT 406. Summarizing her findings, Dr. Stenbeck wrote that plaintiff

> has history of a head injury occurring in 2004 with difficulties remembering appointments and tasks required for daily functioning. He also has daily anxiety, reporting frequent and chronic worry over forgetting tasks and having difficult time retaining and recalling facts and appointments. He will struggle with complex tasks that require sustained attention and concentration. A supervisor will have to provide frequent prompts for him to remain consistent with simple tasks. Complex tasks will be difficult for him to retain and recall given observed deficits in attention, concentration, and memory. His anxiety associated with the TBI and memory issues will also limit his coping skills and impair his ability to engage effectively in social situations.
>
> Given the claimant's psychiatric and treatment history and results of this evaluation, it appears that the mental health symptoms may be chronic in nature. . . . Overall, the claimant's prognosis is poor.

AT 407.

In her mental status exam, Dr. Stenbeck found plaintiff to have impaired intelligence, memory, and abstraction, slow speech, confused sensorium, limited attention, poor judgment, and withdrawn mood and affect, along with fair to normal findings in some areas.  AT 405-406. Dr. Stenbeck opined multiple functional limitations as set forth by the ALJ, below.

     2.  ALJ's Evaluation of Opinion

The ALJ summarized Dr. Stenbeck's opinion, noting that she found <u>marked</u> limitations in the following areas: ability to understand, remember and perform complex written and oral instructions; maintain regular attendance in the workplace; and ability to complete a normal workday or workweek without interruptions from psychiatric conditions. AT 28 (record citations omitted). The ALJ noted that Dr. Stenbeck found plaintiff <u>moderately</u> limited in the following areas: ability to perform work activities without special or additional supervision; ability to accept instructions from supervisors; and ability to deal with the usual stresses of a work environment. AT 28. In other mental functional areas, the ALJ noted, Dr. Stenbeck found plaintiff to have a range of limitations, e.g., "mildly to markedly limited in his ability to perform work activities on a consistent basis."  AT 28. The ALJ also noted Dr. Stenbeck's findings that plaintiff would

require "additional supervision" and "frequent prompts" to stay on task, and that plaintiff had "limited coping skills." AT 28.

The ALJ assessed Dr. Stenbeck's opinion as follows:

> In supporting his[1] medical opinion, Dr. Stenbeck primarily relied on his clinical examination of the claimant. Dr. Stenbeck specifically noted the claimant's declining cognitive presentation with observed difficulties with attention and memories. For the same reasons discussed regarding Dr. Berry's prior administrative finding, the undersigned finds Dr. Stenbeck's medical opinion inconsistent and unpersuasive.

AT 28 (record citations omitted).

Earlier in the decision, the ALJ discussed the 2023 opinion of J. Berry, M.D., a State agency medical consultant who reviewed plaintiff's medical record and completed a physical RFC assessment. AT 26. As Dr. Berry opined on physical limitations and Dr. Stenbeck opined on mental limitations, it makes no sense for the ALJ to discount the Stenbeck opinion "[f]or the same reasons" as the Berry opinion.

Defendant asserts that the ALJ's reference to Dr. Berry was a typo, and that the ALJ "intended to refer to the findings of State agency psychological consultant Kim Morris, Psy.D." (ECF No. 16 at 5.) The ALJ found Dr. Morris' 2023 mental RFC assessment (which included multiple moderate mental limitations) unpersuasive for various reasons, citing mental status exam findings and other evidence in the record. AT 27; see AT 86-90, 93-96 (Morris assessment).

### 3. Legal Standard

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); see also Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration,

---

[1] The "his" appears to be a typo, as Dr. Lauri Stenbeck is presumably female.

5

including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Sam-Chankhiao v. Kijakazi, 2:20-cv-0186 DB, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022), citing Hardy v. Commissioner, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021).

4. Discussion

Here, the ALJ discounted Dr. Stenbeck's entire opinion, including multiple mental limitations, in one sentence: "For the same reasons discussed regarding [another medical opinion], the undersigned finds Dr. Stenbeck's medical opinion inconsistent and unpersuasive."

Defendant argues that the ALJ's reasoning with respect to Dr. Morris' opinion is sufficient to discount Dr. Stenbeck's opinion also. The opinions are not the same, however.[2] The ALJ should have assessed Dr. Stenbeck's particular findings, specifically whether they were supported by her exam findings and consistent with other evidence in the record.

---

[2] Dr. Morris found that plaintiff was able to complete a full workday/workweek for simple tasks (AT 94), while Dr. Stenbeck found he could not complete single-step tasks and would have difficulty maintaining a consistent schedule and attendance. AT 405-406.

6

Defendant asserts that "[t]he ALJ found Dr. Stenbeck's opinion unpersuasive because although it was supported by the doctor's own mental status examination findings from a one-time examination, it was inconsistent with other evidence of record." ECF No. 16 at 4, citing AT 28. In fact, the ALJ did not discuss whether Dr. Stenbeck's opinion was supported by her exam findings, but merely noted that (like most consultative examiners) she "primarily relied on [her] clinical examination." This does not amount to "a coherent explanation of [the ALJ's] reasoning" on the supportability factor. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Under the regulations, the ALJ must address the "supporting explanations presented by a medical source ... to support his or her medical opinion(s)." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1); see, e.g., Fidel R.P. v. O'Malley, 754 F. Supp. 3d 986, 992 (N.D. Cal. 2024) (analyzing supportability factor in terms of whether opinion was supported by opinion writer's own findings or treatment records). Failure to do so is error, and plaintiff is entitled to summary judgment on this claim.[3]

REMEDY

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

---

[3] The Court does not reach the remaining claims.

7

the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is GRANTED;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is DENIED;

3. The Clerk of Court shall enter judgment for plaintiff; and

4. This matter is remanded for further proceedings in accordance with this order.

Dated: June 17, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/davi2050.ssi.ckd

8